| **United States District Court**<br>**Western District of Washington** | **No.** |
|---|---|
| Duy T. Mai, Plaintiff,<br><br>vs.<br><br>United States; and<br><br>Department of Justice; and<br><br>Bureau of Alcohol, Tobacco, Firearms, and Explosives; and<br><br>Federal Bureau of Investigation; and<br><br>Jefferson B. Sessions III, as Attorney General; and<br><br>James B. Comey, as Director of the Federal Bureau of Investigation; and<br><br>Thomas E. Brandon, as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives | **Complaint** |

Plaintiff Duy T. Mai brings this action against the United States and other named defendants and makes the following allegations and complaints:

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

## I. PARTIES

1. Plaintiff Duy T. Mai is an individual residing in Seattle, King County, Washington.
2. Defendant Department of Justice (DOJ) is a United States agency charged with enforcing the laws of the United States.
3. Defendant Jefferson B. Sessions III is the Attorney General of the United States, and the head of the Department of Justice.
4. Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) is an agency of the DOJ responsible for enforcing United States laws pertaining to firearms.
5. Defendant Thomas E. Brandon is the Acting Director and head of the BATFE.
6. Defendant Federal Bureau of Investigation (FBI) is an agency of the DOJ responsible for conducting background checks for firearm sales through its National Instant Criminal Background Check System (NICS).
7. Defendant James B. Comey is the Director and head of the FBI.
8. Defendant United States is the United States of America.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1346 (United States as defendant). One of the defendants is the United States of America and the plaintiff resides within the Western District of Washington. This Court has venue under 28 U.S.C. § 1391(e)(1).

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

## III. FACTS

1. In October 1999, when he was a seventeen-year-old juvenile, Mr. Mai was involuntarily committed for mental health treatment by the King County Superior Court under cause number 99-6-01555-4. That court later transferred venue of the proceedings to Snohomish County under cause number 00-6-00072-6. As a result, Mr. Mai lost his firearm rights under RCW 9.41.040(2)(a)(iii) and 18 U.S.C. § 922(g)(4).
2. Mr. Mai's commitment expired by August 8, 2000. He has never been committed since.
3. Since that time, Mr. Mai has enjoyed a fruitful and fulfilling life. In 2001, he enrolled in Evergreen Community College where he completed his GED and earned college credit that enabled him to transfer to a university. In 2002, he transferred to the University of Washington and graduated with a bachelor's of science in microbiology and a cumulative 3.7 GPA. After graduating, Mr. Mai enrolled in a master's program at the University of Southern California (USC) and graduated with a master's degree in microbiology in 2009.
4. He moved back to Seattle, where he began a job at Benaroya Research Institute, studying viruses. As part of his job, he has successfully passed an FBI background check and is allowed to have unescorted access and use of a JL Shepherd Mark II Cesium – 137 irradiator.
5. In April 2016, Mr. Mai briefly worked as a contractor for Seattle Genetics doing cancer research.

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

6. In October 2016, he began working for Fred Hutchinson Cancer Research Center as an immune monitoring specialist and remains employed there presently.
7. While living in Los Angeles and attending USC, Mr. Mai met Michelle Ross and the two had a pair of twins. Although Mr. Mai and Ms. Ross are no longer together romantically, Mr. Mai continues to be active father in his children's lives.
8. In all, Mr. Mai has completely recovered from the condition that lead to the involuntary commitment seventeen years ago. He no longer uses any medication to control his condition; in fact, he no longer has any condition to control in the first instance. By all accounts, he lives a socially-responsible, well-balanced, and accomplished life.
9. In 2014, Mr. Mai petitioned the King County Superior Court under RCW 9.41.047 for restoration of his firearm rights, supplying the court with medical and psychological examinations and supportive declarations from over ten people. The court granted his petition.
10. After having his Washington state firearm rights restored, Mr. Mai attempted to purchase a firearm and received a denial from NICS. After requesting to know the reason for the denial, NICS informed him that the denial was based on 18 U.S.C. § 922(g)(4), involuntary commitment.
11. Subsequently, Mr. Mai received a phone call from someone at BATFE, informing Mr. Mai that the BATFE legal department has determined that his state restoration order is not sufficient to overcome the federal prohibition in 18 U.S.C. § 922(g)(4).

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

12. 18 U.S.C. § 925(c) provides for a "relief from disability" program to be administered through the Attorney General. However, due to lack of funding, this program has not functioned since 1992.
13. In the NICS Improvement Amendments Act of 2007 (NIAA), Congress provided that involuntary commitment firearm restorations from certain states would remove the (g)(4) federal prohibition. To qualify, the restoration requirements under state law must match certain criteria included in the NIAA. Washington state does not qualify.
14. Therefore, Mr. Mai has no statutory relief available to him.
15. As a direct consequence of each of the defendants' actions, together and separately, Mr. Mai has suffered a lifetime prohibition on firearm possession under federal law for an involuntary commitment he suffered seventeen years ago as a juvenile, despite no longer being mentally ill.

## IV. Causes of Action

1. Each of the defendants, together and separately, has violated Mr. Mai's constitutional rights by denying him the ability to keep, bear, and purchase firearms as guaranteed to him by the Second Amendment. As a direct and proximate result, Mr. Mai has suffered and continues to suffer from an unlawful deprivation of his fundamental constitutional right to keep and bear arms.
2. Each of the defendants, together and separately, has violated Mr. Mai's Fifth Amendment rights by denying him the ability to keep, bear, and purchase firearms without due process of law. As a direct and proximate result, Mr. Mai has suffered

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

and continues to suffer from an unlawful deprivation of his fundamental constitutional right to keep and bear arms.

## V. REQUESTED RELIEF

1. That the Court enter a declaratory judgment, ruling that 18 U.S.C. § 922(g)(4), its derivative regulations, and all related laws, policies, and procedures violate Mr. Mai's right to keep and bear arms as secured by the Second Amendment.
2. That the Court enter a declaratory judgment, ruling that 18 U.S.C. § 922(g)(4), its derivative regulations, and all related laws, policies, and procedures violate Mr. Mai's right to due process under the Fifth Amendment.
3. That the Court enter a permanent injunction prohibiting defendants, their officers, agents, servants, employees, and all persons in concert with them from enforcing 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Mr. Mai's exercise of his Second Amendment rights.
4. That the Court award Mr. Mai his attorney's fees and costs.
5. Any other legal or equitable relief as the Court sees fit.

Respectfully submitted,

Vitaliy

______________________

Vitaliy Kertchen WSBA#45183
Attorney for Mr. Mai
Date: 4/11/17

711 Court A, Suite 104
Tacoma, WA 98402
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com